IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANDRE FERGUSON**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14 C 3376 |
| **TOM DART**, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Andre Ferguson ("Ferguson"), Martel Glenn ("Glenn") and Enrico Brown ("Brown") are designated as purported plaintiffs[1] in a pro se 42 U.S.C. § 1983 ("Section 1983")[2] Complaint against Cook County Sheriff Tom Dart and two correctional officials assigned to Division 9 of the Cook County Department of Corrections: its Superintendent Acre and its Director Maurice. For that purpose Ferguson has utilized the printed form of Complaint made available by the Clerk's Office for use by persons in custody and has filled in the information called for by that form with a hand-printed narrative.

But the thrust of this memorandum order is not focused on such procedural matters. Instead what is fatal to the Complaint is Ferguson's failure to have satisfied the

---

[1] Although Glenn and Brown are named in the case caption, Complaint ¶ I lists only Ferguson as plaintiff, while the Statement of Claim in Complaint ¶ V speaks only in the first person singular and asks for $100,000 in damages for violating "my safety," and it concludes: "I want a jury trial." Moreover, each of the three grievance forms attached to the Complaint (more of this later) names only Ferguson as the inmate grievant. All of that being the case, Glenn and Brown do not qualify as plaintiffs here, so they will not become this Court's "pen pals" under this District Court's assignment rules in any future litigation that they may bring.

[2] All further references to Title 42's provisions will simply take the form "Section --," omitting the prefatory "42 U.S.C."

exhaustion-of-administrative remedies precondition to suit established by Section 1997e(a).

This Court is of course well aware that the question of such exhaustion or nonexhaustion ordinarily calls for an evidentiary hearing in accordance with Pavey v. Conley, 663 F. 3d 899 (7th Cir. 2011). But here the Complaint itself sounds its own death knell in that respect:

1. It twice repeats (Complaint ¶ III.C.1 and ¶ III.G.1):

    Their[sic] still looking to the grievance procedure right now.

2. Each of those statements is followed by a response to the question "What was the result?" (Complaint ¶ III.C.2 and ¶ III.G.2) with a statement "Still pending."

3. And as though there were any room for doubt (as there is not), Ferguson's three attached grievance forms (the last two of which Ferguson actually marked as "Non-grievance (Request)") are dated March 21, March 21 and April 13, 2014 -- so recently that exhaustion of the grievance procedure could not have taken place.

In sum, there is no need for any evidentiary hearing, for Ferguson himself has expressly confirmed the nonexhaustion of administrative remedies, and nothing has been tendered to suggest that the other two putative (but not actual) co-plaintiffs have even initiated any administrative remedies. Both the Complaint and this action are accordingly dismissed without prejudice.

                                                     _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: May 12, 2014